# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JOEY D. MORGAN,**
**Claimant Below, Petitioner**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)**    **No. 17-0963** (BOR Appeal No. 2051954)
                    (Claim No. 2016027825)

**EASTERN VAULT COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joey D. Morgan, by Gregory Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Vault Company, Inc., by Jillian Moore, its attorney, filed a timely response.

The issue on appeal is the compensability of the claim. On May 19, 2016, the claims administrator rejected the claim as there were sufficient inconsistencies and contradictions to conclude that Mr. Morgan did not sustain an injury in the course of and as a result of his employment on March 16, 2016. The Workers' Compensation Office of Judges affirmed the claims administrator's decision in an Order dated April 24, 2017. This appeal arises from the Board of Review's Final Order dated September 29, 2017, in which the Board affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Morgan alleged that he injured his knee on March 16, 2016, while tying rebar in a box form.  He reported that he slipped and twisted his knee. He sought treatment on March 17, 2016, and reported to James Morgan, M.D., with MedExpress in Princeton, West Virginia, that he had been experiencing pain and swelling for three days. Mr. Morgan denied that any injury occurred, and reported that his knee pain began gradually and was intermittent.

1

On March 22, 2016, Mr. Morgan sought treatment for knee pain in the emergency room at Princeton Community Hospital. Again, Mr. Morgan denied that he suffered any type of injury. Princeton Community Hospital records from March 22, 2016, to April 27, 2016, indicate that Mr. Morgan reported that his right knee pain was about one month in duration. A radiology report noted increased density and swelling of the prepatellar and infrapatellar soft tissue. Mr. Morgan was told he could return to work on April 25, 2016.

Mr. Morgan sought treatment with Deborah Croy, ANP-BC, on March 29, 2016. He reported suffering pain in his right knee for three weeks. Again, he did not report a specific injury to his knee.

Mr. Morgan was evaluated by Nancy Davidson, FNP, on April 4, 2016. Mr. Morgan reported having knee pain for three weeks, with no apparent mechanism of injury. Mr. Morgan was advised to limit standing for prolonged periods of time, and to elevate his knee when possible.

On April 13, 2016, an MRI report from Community Radiology revealed that Mr. Morgan had early osteoarthritis; tears of the anterior horn, posterior horn, and body of the lateral meniscus; multiple meniscal cysts contiguous with the anterior horn of the lateral meniscus; joint effusion; pre-patellar bursitis; synovial cyst continuous with the joint space posterior to the medial femoral condyle; and spontaneous osteonecrosis of the knee/insufficiency fracture involving the medial femoral condyle.

Mr. Morgan returned to the emergency room at Princeton Community Hospital on April 20, 2016. He reported that he had been suffering knee pain for the past month. He once again denied that he had been injured. Mr. Morgan stated that his knee popped on April 19, 2016, which caused increased pain.

On April 25, 2016, Mr. Morgan gave notice to the employer of an occupational injury. It was noted that Mr. Morgan worked through April 18, 2016. The employer questioned the injury because Mr. Morgan failed to report a work-related injury. Instead, Mr. Morgan sought treatment under his private insurance.

Rebecca Thaxton, M.D., issued a Physician's Review report on May 17, 2016. Dr. Thaxton examined whether the medical evidence supported that a work-related injury occurred on March 16, 2016. Dr. Thaxton noted that the first medical evidence in the claim was a March 17, 2016, report from MedExpress when Mr. Morgan complained of right knee pain and swelling for three days without a known injury. He was seen again at Princeton Community Hospital on March 22, 2016, where he again denied an injury, and complained of increased knee pain and swelling. Mr. Morgan was again seen at Princeton Community Hospital on April 20, 2016, when he once again denied that an injury had occurred and stated that his knee had been hurting for one-and-a-half months, but that it popped the day before. An April 13, 2016, MRI revealed degenerative findings. Dr. Thaxton noted that Mr. Morgan's first report of injury form dated April 27, 2016, listed the date of injury as March 17, 2016. The physician's report signed on

2

April 27, 2016, indicated that was the first day of initial treatment and that the work injury was reported as "knee popped while squatting." An employer's First Report of Injury form dated April 26, 2016, stated that Mr. Morgan hit his knee while on his knees tying rebar. Dr. Thaxton noted the inconsistencies in the record and concluded that the record does not support that Mr. Morgan suffered a work-related injury. Dr. Thaxton advised that Mr. Morgan denied an injury had occurred and then gave different accounts of a mechanism of injury. Also, Dr. Thaxton reasoned that the MRI findings were degenerative and did not appear to support the position that an acute injury had occurred.

On May 19, 2016, the claims administrator rejected Mr. Morgan's claim for benefits. The claims administrator rejected the claim because there were sufficient inconsistencies and contradictions to conclude that Mr. Morgan did not sustain an injury in the course of and resulting from his employment. Mr. Morgan protested the claims administrator's Order.

In his September 22, 2016, deposition, Mr. Morgan described his job at Eastern Vault Company, where he worked as a carpenter. He stated that he twisted his knee on March 16, 2016, while tying bands in a box form. Mr. Morgan testified that Kenny Pilkins witnessed the incident. He finished his shift and was afraid to report the injury because he feared losing his job. He also testified that at the time of the alleged injury, he had recently returned to his employment after being off work for six-months while he recovered from a prior compensable injury. He testified that he filed his workers' compensation claim for his knee after receiving the results from his MRI. He denied having knee problems prior to the alleged date of injury. He also acknowledged that no one had told him that he would be fired for filing a claim.

Kenny Pilkins testified in a deposition dated January 5, 2017. Mr. Pilkins testified that he was aware of Mr. Morgan's injury on March 16, 2016. He stated that they were tying rebar bands when Mr. Morgan disappeared. When he walked over to check on Mr. Morgan, he saw him lying on the cables. Mr. Morgan told him that he had hurt his knee. Mr. Pilkins testified he started to alert their foreman, but Mr. Morgan stopped him because he was afraid that he would lose his job if he reported an injury.

An affidavit dated March 20, 2017, from Brian Struble, president of Eastern Vault Company, Inc., indicated that Mr. Morgan had worked with the company since 2013, and that he had a prior workers' compensation claim for which he was off work. Mr. Struble stated that company policy requires injuries to be reported immediately. The company was first notified of Mr. Morgan's alleged injury on April 25, 2016. Mr. Struble was aware that Mr. Morgan had testified that he did not file a report of injury for fear of losing his job. However, he filed a prior workers' compensation claim and returned to work once his physician released him to return to work. Mr. Struble reported that the company makes every attempt to return employees back to work and to accommodate restrictions when possible.

By Order dated April 24, 2017, the Office of Judges determined that it is more likely than not that Mr. Morgan did not sustain a compensable injury on March 16, 2016. The Office of Judges found that due to the inconsistencies in the record regarding the date and mechanism of

the injury, and Mr. Morgan's repeated denial of a work injury, the claim was properly rejected by the claims administrator.

The Board of Review adopted the findings and conclusions of the Office of Judges and affirmed their decision by Order dated September 29, 2017. We agree with the findings and conclusions of the Office of Judges, as affirmed by the Board of Review. The many inconsistencies in the medical record do not support that Mr. Morgan sustained a compensable injury in the course of and as a result of his employment on March 16, 2016.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker